## No. 15,710.

IN RE DISSOLUTION OF THE CITY OF WESTWOOD AND ITS ANNEXATION TO DENVER.
PRINE ET AL. *v.* CITY OF WESTWOOD ET AL.
(171 P. [2d] 770)

Decided July 15, 1946.   Rehearing denied August 5, 1946.

Mr. HARRY C. DAVIS, Mr. FRANK L. HAYS, for plaintiffs in error.

Mr. ALLEN A. SCHAEFER, Mr. HORATIO S. RAMSEY, for defendants in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A STATUTORY proceeding instituted under the provisions of section 1, chapter 242, page 673, Session Laws 1945 (amending section 304, chapter 163, '35 C.S.A.), in which petitioners pray for the dissolution of the City of Westwood, Arapahoe county, and the annexation of the territory thereof to the contiguous City and County of Denver. The section of the statute involved reads as follows: "Section 304. A petition subscribed by not less than twenty percent of the qualified electors who are taxpayers of and owners in fee of real property in such town, or twenty percent of the qualified electors who are taxpayers of and owners in fee of real property in such city, existing under general laws, praying for the dissolution of such town or city, and the annexation of the same to the city existing under a special charter, may be filed in the office of the clerk of the county court of the county in which the town or city existing under general laws may be situated. The petition shall be accompanied by an affidavit of one or more of the petitioners, showing that the subscribers are electors and taxpayers of and owners in fee of real property in such town or city, and shall be prima facie evidence of the matters therein set forth. Upon the filing of such petition the county court shall make an order reciting the substance of the petition, and requiring the board of trustees of such town or the city council of such city, existing under general laws to submit the question of such dissolution and annexation at the next general election or at a special election of such town or city, as hereinafter provided, to a vote of such of the qualified

electors and owners in fee of real property in such town or city as have in the year next preceding, paid a property tax therein; which order shall be served by delivering a copy thereof to any member of the board of trustees of such town, or of the city council of such city, and the same shall be filed in the office of the clerk and recorder of such town, or of the city clerk of such city."

A petition in substantial conformance with the requirements of the foregoing statute was prepared and circulated, and purportedly was signed by some nine hundred persons. This document was accompanied by the affidavit of three of the petitioners in which each affiant deposed: "That all of said subscribers on said petition are electors and taxpayers of and owners in fee of real property in said City of Westwood, State of Colorado; that collectively the subscribers to said petition constitute more than twenty (20) percent of the qualified electors who are taxpayers of and owners in fee of real property in said City of Westwood; that all of said subscribers to said petition paid during the year 1945 a property tax in said City of Westwood." Petitioners prayed "for the dissolution of the City of Westwood and the annexation of the same to the City and County of Denver." It should be added that the petition, signed by nine hundred persons, is composed of some thirty-two "sections," each section containing about thirty names, to which is attached a verification to the effect "that each of the above named subscribers is an elector and taxpayer of and owner in fee of real property in the City of Westwood." This combined "petition" of thirty-two sections, constitutes Exhibit C presented to the trial court by the petitioners. In furtherance of the purposes of the said petitioners, and proceeding by counsel and in writing, they filed a formal court petition, duly verified, addressed to the "Honorable Judge of the County Court" of Arapahoe county, to which the "petition" first above mentioned, marked Exhibit C, was

attached and made part, with prayer for appropriate orders. This petition reads:

"I

"That the petitioners herein as named and set forth in their petition hereto attached marked Exhibit C and made a part hereof are now and at all times herein mentioned have been duly qualified electors of the City of Westwood, are and each of them is taxpayers of said city aforesaid; that the affidavit required by law and reciting that your petitioners are taxpaying electors of the City of Westwood is attached hereto marked Exhibit A and made a part hereof.

"II

"That the City of Westwood is a municipal corporation organized and existing under and by virtue of the general laws of the State of Colorado; that the City and County of Denver is a municipal corporation organized under Article XX of the Constitution of Colorado, and a special charter created pursuant thereto; that said City of Westwood and City and County of Denver are contiguous to each other and are separated only by arbitrary boundaries heretofore determined.

"III

"That upon, to wit, August 27th, 1945, the City Council of the City and County of Denver duly enacted an ordinance which became effective by the publication thereof on Saturday, September 1, 1945, granting consent of the City and County of Denver to the annexation of the territory embraced within the boundaries of the City of Westwood to the City and County of Denver, all in accordance with the laws of the State of Colorado, in such case provided; that a true copy of said ordinance duly certified by the Clerk and Recorder, Ex Officio Clerk of the City and County of Denver is hereto attached marked Exhibit B and made a part hereof.

## "IV

"That a petition signed by more than 20% of the qualified electors and taxpayers and owners in fee of real property in said City of Westwood praying for the dissolution of said City of Westwood and the annexation of the territory included within the boundaries of the City of Westwood is hereto attached and marked Exhibit C and made a part hereof.

"Wherefore, the petitioners pray that the City of Westwood be dissolved and that the territory included within the boundaries thereof annexed to the City and County of Denver; that this Honorable Court enter an order herein substantially as set forth in Exhibit D hereto attached requiring the City Council of the City of Westwood to submit the question of dissolution and annexation to the duly qualified taxpaying electors of the City of Westwood at an election to be set by the Council of the City of Westwood, and to be held within 90 days from and after the date of said order of this Court; and such other, further, and different relief as · may be proper herein."

Subsequently, the City of Westwood and others, appearing by counsel, and with leave of court, filed written "objections," not verified, reading as follows:

"1. Deny each and every allegation contained in Paragraph I of said petition.

"2. Admit each and every allegation contained in Paragraph II, except the allegation 'and are separated only by arbitrary boundaries heretofore determined,' which objectors deny.

"3. As to the allegation contained in Paragraph III, objectors have not and cannot obtain sufficient knowledge or information upon which to base a belief and therefore ask strict proof of same.

"4. Deny each and every allegation contained in Paragraph IV of said petition.

"And for further answer and objections to said petition and proceedings, respondents allege:

"1. That the affidavit attached to said petition and on file in this action does not comply with the statute.

"2. That the affidavit attached to said petition and on file in this action is false, fraudulent, and made with the intent to deliberately mislead this Court into entering a void order.

"3. That the affidavits attached to Exhibit C are false, fraudulent, and made with the intent to deliberately mislead this Court into entering a void order in the following particulars, to wit:

"(a) That said petition is subscribed by persons who are not qualified electors in the City of Westwood.

"(b) That said petition is subscribed by persons who are not taxpayers of real property in the City of Westwood.

"(c) That said petition is subscribed by persons who are not owners in fee of real property in the City of Westwood.

"4. That said petition is not subscribed by twenty (20%) per cent of the qualified electors who are taxpayers of and owners in fee of real property in the City of Westwood.

"And for further objection, respondents allege:

"1. That the petition and all papers on file in said proceeding do not state a claim upon which relief can be granted.

"Wherefore, respondents pray that the prayer of the petition be denied and that these proceedings be dismissed at costs of petitioners."

When the petition, to which objections were made as indicated, came on for hearing, and notwithstanding the statutory declaration that the petition, verified as here, "shall be prima facie evidence of the matters therein set forth," the trial court preliminarily ruled that "The burden is on the petitioners to prove" that which, the statute in mind, already appeared by affidavits. Counsel for the objectors, evidently not forgetting the statute, and remembering, as well, their own affirmative allegation,

"That said petition is not subscribed by twenty (20%) per cent of the qualified electors," etc., and the resulting burden on themselves, announced: "We are willing to show to the court that the affidavit is false. I can show that to the court so we will have a record, if it goes to the Supreme Court, which will back up the court's ruling on that." Counsel for petitioners, premising their contention on the court's ruling relative to the burden, suggested that evidence by the objectors seemingly was not in order, and evinced willingness to "stand on the petition," to the end that the court might enter a final order consistent with its ruling, and thus establish a record suitable for presentation on review. As appears from the record, counsel for the objectors then said: "We do admit that the burden of going ahead with the evidence and showing that our objections are true and that the petition is insufficient is upon the respondents." Thereupon, Mr. Davis, of counsel for petitioners, insisted that "this is a hearing upon these protests." The Court: Mr. Davis, I understand this is a hearing on the objections to the petition." Mr. Davis: "Yes, the sufficiency of the objections to this petition." * * *. The Court: "I am going to allow the evidence to be introduced here."

Thereupon, the objectors, selecting one section of the petition, Exhibit C, designating it as number "9," and which contained only twenty-three names—fewer than on most of the other sections of the petition—submitted evidence of a witness, who, basing her conclusions upon an examination she had made of the records of the offices of county assessor and county treasurer of Arapahoe county, testified to the effect that many of the signers to that section of the petition, were disqualified or incompetent in the premises. At the conclusion of the testimony of this witness, counsel for the objectors announced, "that is all the testimony we desire to offer at this time." Thereupon counsel for petitioners, predicating their contention on the theory that the objectors

had not overcome the statutory prima facie status of the petition, that is to say, had not shown that the petition, eliminating the names of those questioned on the basis of any testimony submitted, was "below twenty per cent of the qualified electors who are taxpayers of and owners in fee of real property in said City of Westwood," moved for an order requiring the submission of the question involved as contemplated by the statute. In other words, as counsel urged, "the burden is on them [the protestants] to prove that the signatures on Exhibit C do not constitute twenty per cent of the qualified electors," etc. The court denied the motion, stating that "the petition is not sufficient under the statute," and adjudged dismissal thereof. We pause here to say that the city council of Denver, proceeding in accordance with the statute, has given assent to the annexation comprehended in the petition therefor.

■■ The sole question for our decision has to do with statutory procedural rules involving submission of the question of annexation of one city to another, wholly determinable, if submitted, by the qualified electors of the petitioning city, upon formal submission thereof. Considered in the light of its verification, the manner and form thereof already stated, we think the petition whereby the signers sought to have the question of the annexation of Westwood to Denver submitted, conforms to the provisions of the statute, that is to say, it constitutes "prima facie evidence" of the essential and controlling facts. Such status, assuming it may be subject to attack in manner here, by no means certain, continues until overthrown by evidence received in support of the challenge. The record here considered, that question, as well as every included question presented here, was before us in principle in *Brownlow v. Wunsch*, 103 Colo. 120, 83 P. (2d) 775, and in that case we resolved adversely to the contentions of the objectors in this proceeding. The opinion is exhaustive, and to review it in detail seems unnecessary.

Conceding the utmost that may be claimed for the protestants' showing as to one small section of the petition, it did not warrant the trial court's conclusion that the petition otherwise, signed by other petitioners and whose competence was supported by affidavits of various affiants, different in every instance from the one who verified section 9 aforesaid, was insufficient. Protestants, having concluded their evidence at the point appearing, proponent's motion for an order in conformity with their petition, proposed at that time, should have been granted. To the end, therefore, that the trial court may grant such motion, and enter final orders looking to an election by the qualified electors of the City of Westwood, on the question of the annexation thereof to the City and County of Denver, let the judgment be reversed.

MR. JUSTICE BURKE, MR. JUSTICE JACKSON and MR. JUSTICE STONE dissent.